UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 22-CV-21939-BB

LATOYLA YASHEEN
COOPER-LEVY, *et al.*,

       Plaintiffs,

vs.

CITY OF MIAMI,

       Defendant.
_____/

## CITY OF MIAMI'S
## ANSWER &AFFIRMATIVE DEFENSES

The Defendant, CITY OF MIAMI ("the City"), a Florida municipal corporation, Answers the Complaint, and states:

1. The City admits in part and denies in part the allegations contained in Paragraph 1 of Plaintiffs' Complaint. The City admits that it was subject to "the Pottinger consent decree" for over 20 years, which generally "regulated how the City interacted with its homeless residents," the consent decree contained parameters for the kinds of property that could and could not be collected or destroyed, and that legal proceedings in this Court and in the Eleventh Circuit resulted in the termination of that consent decree. Denied in all other respects.

2. The City admits in part and denies in part the allegations contained in Paragraph 2 of Plaintiffs' Complaint. The City admits this action was brought against the City by four individuals. Denied in all other respects.

3. The City denies the allegations in Paragraphs 3 through 4 of Plaintiffs' Complaint.

4. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 through 6 of Plaintiffs' Complaint and therefore denies the allegations contained therein.

5. The City admits in part and denies in part the allegations contained in Paragraph 7 of Plaintiffs' Complaint. The City admits that Plaintiffs are seeking the kind of relief identified in Paragraph 7 of Plaintiffs' Complaint. Denied in all other respects.

6. The City admits in part and denies in part the allegations contained in Paragraph 8 of Plaintiffs' Complaint. The City admits that Plaintiffs are seeking the kind of relief identified in Paragraph 8 of Plaintiffs' Complaint. Denied in all other respects.

## JURISDICTION AND VENUE

7. The City admits in part and denies in part the allegations contained in Paragraph 9 of Plaintiffs' Complaint. The City admits the jurisdictional and legal basis for Plaintiffs' claims and the kind of relief sought. The City is without sufficient knowledge or information to form a belief as to the truth of all other allegations contained in Paragraph 9 of Plaintiffs' Complaint and therefore denies the allegations it has not admitted contained therein.

8. The City admits the allegations in Paragraph 10 of Plaintiffs' Complaint.

## PARTIES

9. The City admits in part and denies in part the allegations contained in Paragraph 11 of Plaintiffs' Complaint. The City admits that Plaintiff Cooper-Levy has been homeless. The City is without sufficient knowledge or information to form a belief as to the truth of all other allegations contained in Paragraph 11 of Plaintiffs' Complaint and therefore denies the allegations it has not admitted contained therein

10. The City admits in part and denies in part the allegations contained in Paragraph 12 of Plaintiffs' Complaint. The City admits that Plaintiff Cooper-Levy has been homeless. The City is without sufficient knowledge or information to form a belief as to the truth of all other allegations contained in Paragraph 12 of Plaintiffs' Complaint and therefore denies the allegations it has not admitted contained therein

11. The City admits in part and denies in part the allegations contained in Paragraph 13 of Plaintiffs' Complaint. The City admits that Plaintiff Cooper-Levy has been homeless. The City is without sufficient knowledge or information to form a belief as to the truth of all other allegations contained in Paragraph 13 of Plaintiffs' Complaint and therefore denies the allegations it has not admitted contained therein

12. The City admits in part and denies in part the allegations contained in Paragraph 14 of Plaintiffs' Complaint. The City admits that Plaintiff Cooper-Levy has been homeless. The City is without sufficient knowledge or information to form a belief as to the truth of all other allegations contained in Paragraph 14 of Plaintiffs' Complaint and therefore denies the allegations it has not admitted contained therein

13. The City admits the allegations contained in Paragraph 15 of Plaintiffs' Complaint.

## FACTUAL ALLEGATIONS

14. The City is without sufficient knowledge or information to form a belief as to the truth of all other allegations contained in Paragraph 16 of Plaintiffs' Complaint and therefore denies the allegations contained therein.

15. The City admits the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

16. The City admits the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

1855787

17. The City admits in part and denies in part the allegations contained in Paragraph 19 of Plaintiffs' Complaint. The City admits that APM 1-19 applies to all City employees and that Police Departmental Order 11, Chapter 10 also applies to police officers. Denied in all other respects.

18. The City admits in part and denies in part the allegations contained in Paragraph 20 of Plaintiffs' Complaint. The City admits the quoted portions of the departmental order referenced in Paragraph 20 of Plaintiffs' Complaint; however, without the other critical portions of the referenced departmental order, the City denies all other allegations in Paragraph 20 of Plaintiffs' Complaint.

19. The City admits in part and denies in part the allegations contained in Paragraph 21 of Plaintiffs' Complaint. The City admits that it was no longer court-enforced supervision pursuant to the terminated consent decree. Denied in all other respects.

20. The City denies the allegations contained in Paragraph 22 of Plaintiffs' Complaint.

21. The City admits in part and denies in part the allegations contained in Paragraph 23 of Plaintiffs' Complaint. The City admits that City personnel drafted the proposed "Plan" referenced in Paragraph 23 of Plaintiffs' Complaint. Denied in all other respects.

22. The City admits in part and denies in part the allegations contained in Paragraph 24 of Plaintiffs' Complaint. The City admits that, by majority vote, the Commission enacted a resolution in April 2021 that directed the City Manager to facilitate bi-weekly cleanings. Denied in all other respects.

23. The City admits in part and denies in part the allegations contained in Paragraph 25 of Plaintiffs' Complaint. The City admits that, by majority vote, the Commission enacted a resolution in September 2021 that directed the City Manager to facilitate cleanings three times a week. Denied in all other respects.

1855787

24. The City admits the allegations contained in Paragraph 26 of Plaintiffs' Complaint.

25. The City admits in part and denies in part the allegations contained in Paragraph 27 of Plaintiffs' Complaint. The City admits the identified departments conduct homeless outreach at encampments and clean the surrounding area with solid waste vehicles. Denied in all other respects.

26. The City denies the allegations contained in Paragraph 28 of Plaintiffs' Complaint.

27. The City is without sufficient knowledge or information to form a belief as to the truth of all other allegations contained in Paragraph 29 of Plaintiffs' Complaint and therefore denies the allegations contained therein.

28. The City denies the allegations contained in Paragraph 30 of Plaintiffs' Complaint.

29. The City admits in part and denies in part the allegations contained in Paragraph 31 of Plaintiffs' Complaint. The City admits that a crane, operated by City officials, has been used to collect certain items for disposal. Denied in all other respects.

## THE CITY'S ALLEGED PRACTICE AND CUSTOM

30. The City denies the allegations contained in Paragraphs 32 through 38 of Plaintiffs' Complaint.

31. The City admits in part and denies in part the allegations contained in Paragraph 39 of Plaintiffs' Complaint. The City admits that property collected and not destroyed at a site should have an accompanying Inventory Storage Form, that a property's owner should be contacted if possible, and that a search warrant is not obtained. Denied in all other respects.

32. The City denies the allegations contained in Paragraphs 40–44 of Plaintiffs' Complaint.

## THE ALLEGED DESTRUCTION OF PLAINTIFFS' PROPERTY

33. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraphs 45 through 58 of Plaintiffs' Complaint and therefore denies the allegations contained therein.

34. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraphs 59 through 63 of Plaintiffs' Complaint and therefore denies the allegations contained therein.

35. The City admits in part and denies in part the allegations contained in Paragraph 64 of Plaintiffs' Complaint. The City admits that a cat was killed by virtue of a dump truck's usage. The City is without sufficient knowledge or information to form a belief as to the truth of all other allegations contained in Paragraph 64 of Plaintiffs' Complaint and therefore denies the other allegations contained therein.

36. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraphs 65 through 69 of Plaintiffs' Complaint and therefore denies the allegations contained therein.

37. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraphs 70 through 91 of Plaintiffs' Complaint and therefore denies the allegations contained therein.

### First Claim for Relief

38. The City re-asserts/re-alleges its answers as to each and every allegation set forth in Paragraphs 16 through 91, as if fully set forth herein and incorporated herein, in response to Plaintiffs' Paragraph 92.

39. The City admits the allegations contained in Paragraph 93 of Plaintiffs' Complaint.

40. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 94 of Plaintiffs' Complaint and therefore denies the allegations contained therein.

41. The City denies the allegations contained in Paragraph 95 of Plaintiffs' Complaint.

42. The City is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 96 of Plaintiffs' Complaint and therefore denies the allegations contained therein.

43. The City denies the allegations contained in Paragraphs 97 through 99 of Plaintiffs' Complaint.

## Second Claim for Relief

44. The City re-asserts/re-alleges its answers as to each and every allegation set forth in Paragraphs 16 through 91, as if fully set forth herein and incorporated herein, in response to Plaintiffs' Paragraph 100.

45. The City admits in part and denies in part the allegations contained in Paragraph 101 of Plaintiffs' Complaint. The City admits that individuals generally have a constitutionally protected interest in their property. The City is without sufficient knowledge or information to form a belief as to the truth of the other allegations contained in Paragraph 101 of Plaintiffs' Complaint and therefore denies the allegations contained therein.

46. The City denies the allegations contained in Paragraphs 102 through 109 of Plaintiffs' Complaint.

## **PRAYER FOR RELIEF**

To the extent the Court deems a response is required to Plaintiffs' "Wherefore" clause and "Prayer for Relief" section, the City denies the allegations therein and thus denies Plaintiffs are

entitled to any relief they have requested.

## AFFIRMATIVE DEFENSES

The City asserts the following affirmative defenses:

### First Affirmative Defense

The claimed-of unlawful policy, practice, or custom does not exist, is not widespread or persistent, and is insufficient to establish municipal liability.

### Second Affirmative Defense

Any injury to the Plaintiffs was caused by their own actions, inactions, and/or failure to adhere to applicable laws.

### Third Affirmative Defense

Any constitutional injury that Plaintiffs suffered was not caused by adherence to an adopted policy, practice or custom such that the at-issue conduct could impute liability onto the City.

### Fourth Affirmative Defense

Plaintiffs failed to show a constitutional injury in the execution of any policies, practices, or customs.

### Fifth Affirmative Defense

The Plaintiffs failed to state a claim for injunctive relief, and it is not suitable and/or inconsistent with Plaintiffs' claim for monetary damages.

### Sixth Affirmative Defense

The claim for declaratory relief is not suitable, as there is no real or continuing controversy and the relief sought is conjectural, hypothetical, or speculative.

## JURY TRIAL DEMAND

Defendants hereby demand a jury trial on all issues so triable.

WHEREFORE, the City prays that this Honorable Court enter a judgment in its favor and to award the City its costs and expenses incurred to defend this matter, and such other relief as the Court deems proper.

        Respectfully submitted,

        VICTORIA MÉNDEZ, City Attorney
        KERRI McNULTY, Senior Assistant City Attorney
        BRYAN E. CAPDEVILA, Assistant City Attorney
        Attorneys for City of Miami
        444 S.W. 2nd Avenue, Suite 945
        Miami, FL  33130-1910
        Tel.: (305) 416-1800
        Fax: (305) 400-5071
        Email:  bcapdevila@miamigov.com
        Secondary Email:  smfernandez@miamigov.com

        By: */s/ Bryan E. Capdevila*
            Bryan E. Capdevila
            Assistant City Attorney
            Florida Bar No. 119286

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I therefore certify that the foregoing document has been served on all counsel of record via transmission of a Notice of Electronic Filing (or "NEF") generated by CM/ECF. Lastly, I certify that, to my knowledge, there are no other persons in need of service via an alternative authorized method.

        By: */s/Bryan E. Capdevila*
            Bryan E. Capdevila
            Assistant City Attorney
            Florida Bar No. 119286