UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-CV-21939-BB

LATOYLA YASHEEN COOPER-LEVY,

PHILLIP SYLVERIN, SHERMAN RIVERS,

JOSEPH SIMMONS,

                     Plaintiffs,

v.

CITY OF MIAMI,

                     Defendant.

_____/

## AMENDED MOTION TO MODIFY SCHEDULING ORDER

Defendant City of Miami ("the City"), by and through undersigned counsel, files this Amended[1] Motion to Modify Scheduling Order ("this Motion") pursuant to Fed. R. Civ. P. 16. In support thereof, the City states:

1. Pursuant to this Court's August 16, 2022 Scheduling Order, fact discovery is to be completed by March 7, 2023 and parties are to disclose expert witnesses by February 7, 2023. *See* Scheduling Order [ECF No. 15] at 2.

2. Over the last two months, the Undersigned endured medical issues that limited his normal work pace, attended medical appointments, and attempted to schedule other diagnostic appointments around his very busy schedule.

---

[1] The City previously filed a partially unopposed Motion to Modify Scheduling Order ("Initial Motion") [ECF No. 27] regarding the remaining deadlines. However, the parties realized that the Initial Motion inadvertently omitted that the requested modification may require a new trial date. The City files this (Amended) Motion to clarify that point.

3. Despite these obstacles, the City released three rolling productions on Plaintiffs' First Request for Production, responded to interrogatories, and is awaiting Plaintiffs' production of documents regarding Plaintiffs' initial disclosures and Plaintiffs' production on the City's affirmative discovery requests.

4. The parties have also diligently pursued depositions of City employees in that same timeframe and are in the process of scheduling Plaintiffs' depositions in their efforts to adhere to the current Scheduling Order.

5. Within this same timeframe, the Office of the City Attorney has undergone structural changes and shifted job responsibilities, as Former Chief of Litigation Green—now withdrawn from this case—has joined Miami-Dade County Court's judiciary and Co-Counsel McNulty was promoted to Chief of Litigation and, thus, inheriting the additional responsibilities that come with that position.

6. The Undersigned has been unable to obtain coverage to assist with the taking of depositions or the handling of documentary discovery in this case.

7. The Undersigned submits that the schedule cannot be met under these circumstances, particularly as the City anticipates additional rolling productions on Plaintiffs' (expansive) First Request for Production while the Undersigned balances the needs of his other cases and the personal matters previously mentioned.

8. Plaintiffs relayed they would not oppose a modification to the extent the modification afforded the parties 60 additional days as to the remaining deadlines even though the City had requested more time.

9. The City notes that the requested modification may require resetting the trial dates, as affording additional days as to all remaining deadlines could leave the Court with little time to review any dispositive motions that may be filed in this matter.

## MEMORANDUM OF LAW IN SUPPORT

Pursuant to Fed. R. Civ. P. 16(b)(4), "[a] schedul[ing order] may be modified only for good cause and with the judge's consent." "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 advisory committee's note).  The Undersigned submits, and hopes this Court agrees, that he acted with diligence and has good cause for, at least, a 60-day extension of all remaining deadlines for the reasons stated above. Accordingly, the City seeks a modification of this Court's scheduling order.

## CONCLUSION

Based on the foregoing, the City humbly requests that this Court find "good cause" has been shown and grant this Motion so that *either* the remaining deadlines be extended by 60 days, consistent with Plaintiffs' non-opposition, *or* the remaining deadlines be modified in a manner that this Court deems just and proper under the circumstances. Further, because this Amended Motion moots the City's Initial Motion to Modify Scheduling Order, the parties agree the Initial Motion should be denied as moot.

## LOCAL RULE 7.1(a)(3)(A) COMPLIANCE

I hereby certify that the undersigned conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and confirmed, following discussions and correspondence, that Plaintiffs would not be opposed to the limited extent that only a 60-day modification of the remaining deadlines be afforded and that the trial date be modified in a manner consistent with that modification. Lastly, the parties agree that the filing of this Amended Motion renders the Initial Motion moot.

Respectfully submitted,

VICTORIA MÉNDEZ, City Attorney
BRYAN E. CAPDEVILA, Assistant City Attorney
Attorneys for City of Miami
444 S.W. 2nd Avenue, Suite 945
Miami, FL  33130-1910
Tel.: (305) 416-1800
Fax: (305) 416-1801
Primary Email: bcapdevila@miamigov.com
Secondary Emails: smfernandez@miamigov.com

By: */s/Bryan E. Capdevila*
    Bryan E. Capdevila,
    Assistant City Attorney
    Florida Bar No. 119286

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and accurate copy of the foregoing document has been served via electronic mail through a notice of electronic filing (or "NEF") through CM/ECF upon all counsel of record on this 20th day of January, 2023.

By: */s/Bryan E. Capdevila*
Bryan E. Capdevila,
Assistant City Attorney
Florida Bar No. 119286