UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-21939-BLOOM/Otazo-Reyes

LATOYLA YASHEEN COOPER-LEVY,
*et al.*,

    Plaintiffs,

v.

CITY OF MIAMI,

    Defendant.
_____/

**ORDER ON DEFENDANT'S SEALED MOTION FOR TEMPORARY STAY**

**THIS CAUSE** is before the Court on Defendant City of Miami's ("Defendant") Sealed Motion for Temporary Stay, for Continuance of Trial, and to Modify Scheduling Order and, in the alternative, Motion for Continuance of Trial and to Modify Scheduling Order, which Defendant filed under seal. ECF No. [41] ("Motion").[1] Defendant requests that the Court enter a 30-day stay of proceedings in the above-styled action to be followed by a 90-day modification of the remaining pre-trial deadlines in the Third Order Amending Scheduling Order and Certain Pretrial Deadlines, ECF No. [38] ("Scheduling Order"), and a concomitant continuance of trial. *Id.* at 13. Defendant alternatively requests a 90-day modification of the Scheduling Order and a continuance of trial. *Id.* The Court ordered Plaintiffs to file a response to the Motion on or before June 14, 2023. ECF No. [42]. Plaintiffs thereafter filed a Response to the Motion under seal, which opposes the Motion

---

[1] On June 8, 2023, Defendant filed the Motion pursuant to the Court's June 8, 2023 paperless Order, ECF No. [40], granting Defendant's Unopposed Motion to Seal per Local Rule 5.4, ECF No. [39], filed earlier that day. The June 8, 2023 motion requested that the Court allow Defendant to file under seal to discuss information that implicates two of Plaintiffs' privacy rights. *Id.* at 3.

to the extent it seeks more than a thirty (30)-day extension of the trial period. ECF No. [43].[2] The Court has reviewed the Motion, the Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons below, the Motion is granted in part and denied in part.

## I. BACKGROUND

Four "homeless individuals" brought this action under 42 U.S.C. § 1983 on June 24, 2022, alleging Defendant violated their rights of due process and freedom from unreasonable seizures, and seeking injunctive and declaratory relief, together with money damages. ECF No. [1]. Pursuant to the Scheduling Order, mediation is set for June 21, 2023 and discovery ends on June 27, 2023. ECF No. [38].

In the Motion, Defendant represents that counsel for the parties do not know whether two of the Plaintiffs can testify at trial. ECF No. [41] at 2-3. Specifically, one Plaintiff is being assessed for that Plaintiff's competency to proceed at trial, and another Plaintiff has a medical issue that makes it physically difficult for that Plaintiff to testify. *Id.*[3] The Court refers to the concerns relating to the ability of those Plaintiffs to testify as "Issues" because the Defendant filed the Motion under seal to preserve those Plaintiffs' privacy rights. Defendant states that one of Defendant's counsel was recently assigned a case that was set for trial on the week of June 12, 2023 and has assumed a leadership role that entails more managerial responsibilities. *Id.* at 5. In addition, another of Defendant's counsel is set for trial from early to mid-June 2023, followed by

---

[2] Plaintiffs filed a motion to seal the Response on June 14, 2023, ECF No. [44], and the Court entered a paperless Order that same day granting Plaintiffs' June 14, 2023 motion. Plaintiffs filed another motion under seal requesting leave to file the Response under seal that same day. ECF No. [43]. On June 14, 2023, the Court entered an Order, ECF No. [47], which contains a scrivener's error—to which counsel for parties raised to the Court's attention telephonically on June 15, 2023. This Order clarifies that the June 14, 2023 Order, ECF No. [47], denies as moot Plaintiffs' June 14, 2023 motion that Plaintiffs filed under seal, ECF No. [43], on the grounds that the Court had previously granted the relief requested in that brief. *See* ECF No. [45] (granting Plaintiffs' request to file their Response and to file a motion to appoint a "next friend" under seal).

[3] Plaintiffs' Counsel separately filed a motion under seal for one of the Plaintiffs to proceed with a "next friend" because of that Plaintiffs' medical issues. *See* ECF No. [49].

2

pre-scheduled annual leave thereafter. *Id.* Defendants represent that counsel for Plaintiffs do not oppose an additional 30-day extension to all remaining deadlines, but Defendants expect the two Plaintiffs' Issues will not likely be resolved within 30 days. *Id.* at 5.

Plaintiff responds that neither the Issues nor Defendant's counsel's scheduling difficulties justify a stay under applicable law. ECF No. [46] at 4. The Court addresses the parties' arguments below.

## II.  LEGAL STANDARD

### A.  Stay of Proceedings

District courts have broad discretion to stay proceedings as an incident to their inherent power to control their dockets. *See, e.g.*, *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) (stressing the broad discretion district courts have in managing their cases). In addition, discovery matters are committed to the sound discretion of district courts. *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990). Absent a pending dispositive motion, district courts have granted motions to stay on a consideration of the following *Rubinstein* factors:

> (1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court.

*Rubinstein v. Keshet Inter Vivos Tr.*, No. 17-61019-CIV, 2018 WL 3730868, at *2 (S.D. Fla. Apr. 27, 2018) (citing *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010)).

### B.  Modification of Scheduling Orders

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16. "This good cause standard precludes modification unless the schedule cannot 'be met

despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16 Advisory Committee's note).

### III.   DISCUSSION

#### A. Motion to Stay

Since no dispositive motions are pending or ripe, the Court evaluates the Motion using the factors set forth in *Rubinstein*.

*1.   Whether the Litigation Is at an Early Stage*

Defendant contends the case is at an "*early enough*" stage, weighing in favor of a stay or making the first factor inconclusive. ECF No. [41]. Defendant cites the voluminous discovery in this action, delays in deposing the two Plaintiffs with the Issues, "disputes as to the corporate representative topics," and "scheduling availability." *Id.* at 7. Plaintiffs respond the parties are in a late stage of litigation because the deadline for all discovery to be completed is June 27, 2023, dispositive motions are due on July 19, 2023, and that trial is set for the two-week trial calendar beginning on October 23, 2023. ECF No. [46] at 5. The Court agrees with Plaintiffs that this case is in an "advanced litigation posture," which weighs against a stay. *A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co.*, No. 16-CV-62610, 2017 WL 4868985, at *2 (S.D. Fla. June 16, 2017) (denying motion to stay where "[t]he close of discovery [was] only six weeks away and trial [was] on the horizon.").

*2.   Undue Prejudice or Tactical Disadvantage to the Non-Moving Party*

Defendant argues that a stay would benefit Plaintiffs because it is in their best interests to ensure all Plaintiffs are competent to be deposed and otherwise emphasize the unfairness to Defendant of the risk of being deprived of discovery to which Defendant is entitled. ECF No. [41] at 8-9. In addition, Defendant raises the risk of jury confusion that may result if Defendant deposes Plaintiffs who are incapable of testifying, raising questions as to the deposition testimonies'

reliability and the propriety of Defendant's choice to depose Plaintiffs under the circumstances. *Id.* at 9. Plaintiffs respond that they have an interest in the speedy adjudication of this action given the Issues and their status as "homeless" individuals. ECF No. [46] at 5-6.

As an initial matter, Defendant's arguments concerning prejudice to itself are immaterial because the second *Rubinstein* factor concerns undue prejudice or tactical disadvantage to *Plaintiffs*. To the extent Defendant argues the Court, in weighing this fact, "may consider the interest of the plaintiff in proceeding expeditiously, the burden on the defendant, and the public interest," that argument is misplaced because "it is against the public interest to grant a stay that could last indefinitely" given the Issues. *Pellegrino v. Wengert*, 147 F. Supp. 3d 1379, 1383 (S.D. Fla. 2015).

On the one hand, a stay may result in the Plaintiffs being able to testify at trial. On the other hand, a stay of discovery may result in the absence of testimony from the affected Plaintiffs if the Issues persist indefinitely. In either eventuality, *actual* prejudice to Plaintiffs at trial—as opposed to the *risk* of prejudice—is not apparent. While the Court empathizes with Plaintiffs' life circumstances, it is not apparent how those circumstances would result in prejudice at trial should the Court stay proceedings. Moreover, Plaintiffs do not articulate any tactical disadvantage that might result from the stay. Thus, the Court finds this factor weighs in Defendant's favor.

3. *Simplification of the Issues in Question and Streamlining of the Trial*

Defendant argues that a stay would simplify the issues in question because a stay would eliminate both the risk of creating a spectacle at trial that might result from the playing of deposition testimony of an incompetent witness and a "next friend" and the risk of unreliable testimony. ECF No. [41] at 9-10. Defendant offers that jury selection will be streamlined because "jurors will not need to determine whether they can believe a potentially incompetent person or next friend at trial." *Id.* at 10. The Court is unpersuaded. Defendant does not set forth how a stay

5

would mitigate the reliability issues that it raises as a stay in proceedings might further complicate the Issues and could potentially lead to a loss of evidence. Defendant may address the concern of a "spectacle" at trial with the appropriate evidentiary motion. Further, Defendant's conclusory argument regarding juror selection is without merit since Defendant does not explain how the purported Issues would affect jury selection. Thus, this factor weighs against staying proceedings.

4. *Reducing the Burden of Litigation*

Plaintiff argues a stay would reduce the burden of litigation by eliminating the difficulties with scheduling depositions for the two Plaintiffs with the Issues and would reduce motion practice by eliminating the issue of appointing a "next friend" in this case. ECF No. [41] at 10-11. However, it is not clear whether the two Plaintiffs' Issues can be resolved within a definite period, nor is it clear that the burden of litigation would be reduced either. To the extent Plaintiffs would be available at a later date upon the lifting of a stay to be deposed, those depositions would still need to be scheduled. In addition, the need for the appointment of a "next friend," assuming such an appointment would be appropriate, might not be eliminated with the passage of time. As such, this factor weighs against granting a stay.

Because the Court concludes that three of the four *Rubinstein* factors weigh against entering a stay of proceedings, and because the first factor—the stage of the litigation—weighs heavily against a stay, the Court also concludes a stay is not warranted.

**B. Stay of Discovery**

Defendant argues it has established "good cause and reasonableness" for a stay of discovery because there was good cause for the past two modifications to the Scheduling Order and those modifications were reasonable given that (1) Defense counsel had unexpected medical problems and (2) Defendant had to respond to expansive discovery requests in this action. ECF No. [41] at 11.

"A stay of discovery is appropriate where the movant shows 'good cause and reasonableness.'" *Allendorf v. Harbor Am. E., Inc.*, No. 23-CV-80141, 2023 WL 3172023, at *1 (S.D. Fla. Mar. 30, 2023) (citation omitted). A court may find "good cause and reasonableness" to stay discovery if the resolution of a preliminary motion may dispose of the entire action and where plaintiff propounds expansive discovery requests. *Id.* (citing *Pierce v. State Farm Mut. Auto. Ins. Co.*, No. 14-22691-CIV, 2014 WL 12528362, at *1 (S.D. Fla. Dec. 10, 2014) (citing *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003), *aff'd*, 87 F. App'x 713 (11th Cir. 2003))). In this case, Plaintiffs have propounded expansive discovery requests but there is no pending dispositive motion. Thus, under the case law Defendant cites, staying discovery is not warranted.

### C. *Modification of Scheduling Order*

Defendant argues in the alternative that the action requires one final 90-day modification of the remaining deadlines given counsel for Defendant and two of Plaintiffs' circumstances. ECF No. [41] at 13-14. Plaintiffs oppose a 90-day modification but do not oppose a 30-day modification. ECF No. [46] at 9-10.

The Court agrees with Defendant that counsel for Defendant has litigated this action with due diligence. However, Defendant does not articulate why a 90-day extension of the deadlines in this action, or any other duration of extension, would cure the difficulties raised in the Motion concerning the Issues. Absent such explanation, the Court finds there is no good cause for a 90-day extension. Nevertheless, counsel for Defendants' involvement in other trials in June 2023, provides good cause for a 30-day extension.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [41]**, is **GRANTED IN PART AND DENIED IN PART**.

2. Defendant's request to stay this action is **DENIED**.

3. Defendant's request to stay discovery is **DENIED**.

4. Defendant's request for an extension of time for the remaining deadlines in the Scheduling Order is **GRANTED IN PART AND DENIED IN PART**. An Amended Scheduling Order will follow that extends the remaining deadlines in this action by 30 days.

5. The Court's June 14, 2023 Order, **ECF No. [47]**, is **CLARIFIED**: Plaintiff's Unopposed Motion to Seal, **ECF No. [43]**, is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 21, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record