UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-CV-21939-BLOOM

LATOYLA YASHEEN COOPER-LEVY,
PHILLIP SYLVERIN, SHERMAN RIVERS,
*and* JOSEPH SIMMONS,

    *Plaintiffs*,

v.

CITY OF MIAMI,

    *Defendant*.

_____/

### DEFENDANT'S MOTION IN LIMINE

The Defendant, City of Miami, hereby files this Motion in Limine by and through its undersigned counsel. The Plaintiffs, following conferral, oppose this Motion. As set forth below, this Motion should be granted.

### MEMORANDUM OF LAW IN SUPPORT

#### I. Standard of Review

A motion *in limine* is made before a trial has begun for the purpose of excluding or including certain evidence. *Begualg Inv. Mgmt., Inc. v. Four Seasons Hotel Ltd.*, No. 10-22153-CIV, 2013 WL 750309, at *1 (S.D. Fla. Feb. 27, 2013) (Scola, J.) (citing 20 Am.Jur. Trials 441 § 2 (1973)). Rulings on a motion *in limine* "are not binding on a trial court and remain subject to reconsideration during course of trial." *Id.* "The real purpose of a motion *in limine* is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial." *Id.* While such motions are ordinarily "disfavored," challenged evidence should be excluded when a motion *in limine* seeks to exclude

evidence that "'is clearly inadmissible on all potential grounds.'" *Id* (quoting *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010) (Middlebrooks, J.)).

Relevant evidence is evidence having "any tendency to make a fact [of consequence in determining the action] more or less probable than it would be without the evidence." Fed. R. Evid. 401. "Irrelevant evidence is inadmissible." Fed. R. Evid. 402. Relevant evidence is inadmissible "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## II. Applicable Substantive Law

Broadly speaking, "[t]o state a claim for relief in an action brought under § 1983, plaintiffs must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Focus on the Fam. v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1276–77 (11th Cir. 2003) (brackets omitted); *see also* 42 U.S.C. § 1983 (same).

"Ordinarily, a governmental entity cannot be held liable for the unconstitutional actions of its employees under 42 U.S.C. § 1983." *Simmons v. Bradshaw*, 879 F.3d 1157, 1173 (11th Cir. 2018). In *Monell v. Dep't of Soc. Servs. of City of New York*, however, the Supreme Court cemented that a municipality can be liable for constitutional violations under § 1983 when "execution of a government[al] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the [constitutional] injury." 436 U.S. 658, 694 (1978). Stated simply, a plaintiff must demonstrate "(1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the

violation." *Simmons*, 879 F.3d at 1173 (cleaned up). "In order for a plaintiff to demonstrate a policy or custom, it is generally necessary to show a persistent and wide-spread practice." *McDowell v. Brown*, 392 F.3d 1283, 1290 (11th Cir. 2004) (cleaned up).

### III. Analysis

#### A. *After-the-Fact Evidence*

Plaintiff's reliance on after-the fact evidence (e.g., bodyworn camera footage that transpired after the date of the incidents, notices that (purportedly) relate to a cleanup scheduled after August 2, 2021, and notices that (purportedly) were posted after August 2, 2021, after action reports after August 2, 2021, resolutions or amendments that transpired after August 2, 2021, testimony regarding events or procedures after August 2, 2021, etc.) is improper. This is because reliance on such after-the-fact evidence is no method of establishing a policy, practice, or custom that could have *caused* the Plaintiffs' constitutional violations. *See Salvato v. Miley*, 790 F.3d 1286, 1295 (11th Cir. 2015) ("The sheriff argues that the failure to investigate a single incident, of which the sheriff was unaware until after-the-fact, cannot ratify a constitutional violation. We agree."); *Shehada v. Tavss*, 965 F. Supp.2d 1358, 1374 (S.D. Fla. 2013) (explaining after-the-fact evidence cannot satisfy causation); *Pruitt v. Cote*, 6:12-CV-1038-ORL-28, 2012 WL 6212906, at *1 (M.D. Fla. Dec. 13, 2012) ("[T]he City's after-the-fact failure to discipline for the events at issue is irrelevant to whether a city policy or custom caused the underlying constitutional violations alleged.").

For this same reason, all after-the-fact evidence—both testimonial and documentary—should be excluded because the Plaintiff cannot say it is relevant evidence of a pre-existing policy, custom, or practice. *See, e.g.*, *Feliciano v. City of Miami Beach*, 847 F. Supp. 2d 1359, 1367 (S.D. Fla. 2012) ("An inadequate investigation following the subject incident will not sustain a claim of municipal liability, because the after-the-fact inadequate investigation could not have been the

legal cause of the plaintiff's injury."); *Clarke v. Phelan*, No. 16-25217-CV, 2018 WL 987260, at *9 (S.D. Fla. Feb. 20, 2018) (Scola, J.) (same). As the existence of a *pre-existing* custom or practice is a necessary element for plaintiffs to show liability, a jury assessing liability should not hear or receive evidence of any after-the-fact conduct, which cannot support plaintiffs' claims

In addition, the introduction of after-the-fact evidence would only confuse the jury as to the relevant facts necessary to establish the existence of a pre-existing policy, custom, or practice and, therefore, would unduly prejudice the City at trial in its defense against liability. The after-the-fact evidence, therefore, should be excluded in all forms for liability purposes even if it has any relevance.[1] *See* Fed. R. Evid. 403.

***B. Photographs and Video Produced by Plaintiffs in this Action***

The City anticipates that the Plaintiffs shall rely on photographs that they produced in discovery, including those that they introduced as exhibits during depositions. These photographs are not admissible.

"Authenticity is a prerequisite of admissibility." *United States v. McGowan*, 552 F. App'x 950, 953 (11th Cir. 2014) (citing Fed. R. Evid. 901). "A party may authenticate, or lay the foundation for, a document through extrinsic evidence, as contemplated under Federal Rule of Evidence 901, or a document may be self-authenticating under Rule 902." *Id.* at 953–54. Under Rule 901, "the proponent must produce evidence sufficient to support a finding that the item is

---

[1] The Plaintiffs suggested, during conferral, that after-the-fact evidence should be considered by a jury because it is pertinent to the injunctive relief they seek. However, the City suggests that the parties should be provided an opportunity to confer on whether liability and damages should be bifurcated, as the Plaintiffs' injunctive relief is immaterial without first showing liability is warranted. Bifurcation, in the City's view, appears warranted because of the lack of relevance, undue prejudice, and substantial risk of confusing the jury of the pertinent timing of the issues for liability purposes. If this Court agrees that the parties should confer and present joint or opposed briefing on whether bifurcation or some other remedy is warranted, the City is happy to do so.

what the proponent claims it is." Fed. R. Evid. 901. Rule 901 enumerates a non-exhaustive list of examples that would permit a party to authenticate. *See* Fed. R. Evid. 901(b).

None of the examples enumerated in Rule 901 apply here. Nor do any of the self-authenticating bases in Rule 902 apply. As a matter of background, the yellow notices in this matter have a space to indicate the date a yellow notice was posted and the date on which a cleanup was scheduled. *See generally* Plaintiffs' Motion for Partial Summary Judgment [ECF No. 79] at 13 (showing a photograph depicting the general appearance of yellow notices).[2]

Here, the City is confident that Rules 901 and 902 would not permit a finding of authenticity. This is because the Plaintiffs conceded that they did not know where their photos were taken, when they were taken, on what device there were taken, and—worse—who took these photos. Exhibit A, Plaintiffs' Metadata Log Regarding Photos. In making this concession, the Plaintiffs have all but admitted that the photographs and videos they used during depositions and produced during discovery were incapable of being authenticated. That's because no one can testify that the photographs and videos do not depict after-the-fact evidence, untampered notices, or that they were the ones who wrote in or failed to write in the applicable posting dates and cleanup dates on a photographed notice. Nor can the Plaintiffs show through testimony that the notices appeared exactly as they were photographed or at the location where they were photographed

True, employees are capable of testifying to the fact that the yellow notices depicted in photos generally appeared in that form. But there is no one who can speak to the specific notices

---

[2] To be clear, the City cites to this exhibit only for the general proposition that the English version of the yellow notices look this way, not that the photograph depicts notices that were posted by City employees or content that was written in by the City's employees.

depicted in a photograph.[3] Because there is no evidence that the notice was in the location and in the same condition depicted in the photograph, and there is no way to confirm the reliability of these photographs or the date on which they were taken, the photographs and videos are not admissible.

Further, if this Court were to allow the un-authenticatable photographs into evidence, it would allow the Plaintiffs to build their case with hearsay. This is because the written-in posting date and cleanup date are out-of-court statements that cannot be sworn or authenticated for the truth of the matters asserted—that matter being, evidence of the actual posting date and evidence of a scheduled cleanup date. *See* Fed. R. Evid. 802 ("Hearsay is not admissible unless [an exception applies]. "). Even if the Plaintiffs had someone available to authenticate these photographs, and they don't, the Plaintiffs have no evidence that such a person saw the City write in those dates or times for a cleanup.

For similar reasons, photographs depicting a yellow notice without a written-in posted date or scheduled cleanup date should be excluded as well. Such photographs are incapable of being authenticated and, as a result, the absence of a written-in posted date or scheduled cleanup date will only lead the jury to make an incorrect assumption that the City fails to provide notice.

Authentication on the issue of notices is of the utmost importance in this matter for at least two other reasons. One, the Plaintiffs principally argue that the City fails to provide homeless residents with sufficient time to prepare for a cleanup because the City's employees—as they say—fail to adhere to the City's written policy on the amount of notice due to a homeless person. *See generally* Complaint [ECF No. 1]. And two, Plaintiff Rivers conceded that he has seen people,

---

[3] In fact, many of the notices that were used during depositions are photographed at such a close-up range that it is impossible to discern whether the notice is in the City of Miami.

including homeless persons, tamper with yellow notices by tearing them down. *See* Deposition of Plaintiff Sherman Rivers [ECF No. 74-10] at 137 (testifying that he has seen individuals remove notices, including by homeless persons). Because there is evidence of interference and tampering with the City's notice efforts, the Plaintiffs' photographic and video evidence—that they obtained from unknown sources on unknown dates and taken at unknown locations and unknown dates—present significant questions as to their reliability.

In sum, because that category of evidence cannot be authenticated and appears to advance assertions contained within the photograph as true, that category of evidence is not admissible. Moreover, to allow the Plaintiffs to introduce this category of evidence, which cannot be properly authenticated for the truth of the matters asserted (*i.e.*, City employees wrote in the posting date and scheduled cleanup date and/or City employees failed to write in the posting date and scheduled cleanup date), it would result in the introduction of unduly prejudicial and unreliable evidence. *See* Fed. R. Evid. 403. Doing so would allow the jury to speculate that similar notices exist even though there is no reliability to the photos and videos that the Plaintiffs have produced in the first place.

WHEREFORE, the Defendant, CITY OF MIAMI, respectfully request this Court grant its Motion in Limine, and any other relief deemed appropriate under the circumstances.

### CERTIFICATE OF GOOD FAITH CONFERRAL PURSUANT TO S.D. FLA. LOCAL RULE 7.1(A)(3)

Pursuant to Local Rule 7.1(a)(3) of the Local Rules of the Southern District of Florida, the undersigned certifies that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion, and that counsel for Plaintiffs advised that the Plaintiff opposes the relief sought herein.

Respectfully submitted,

VICTORIA MÉNDEZ, City Attorney
BRANDON L. FERNANDEZ, Assistant City Attorney
BRYAN E. CAPDEVILA, Assistant City Attorney
Attorneys for Defendant City of Miami
444 S.W. 2nd Avenue, Suite 945
Miami, FL 33130-1910
Tel.: (305) 416-1800
Fax: (305) 416-1801
Primary Email:   bcapdevila@miamigov.com


By: */s/ Bryan E. Capdevila*
    Bryan E. Capdevila
    Assistant City Attorney
    Florida Bar No. 119286

**CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I therefore certify that the foregoing document has been served on all counsel of record via transmission of a Notice of Electronic Filing (or "NEF") generated by CM/ECF. Lastly, I certify that, to my knowledge, there are no other persons in need of service via an alternative authorized method.

By: */s/ Bryan E. Capdevila*
Bryan E. Capdevila
Assistant City Attorney
Florida Bar No. 119286