UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-CV-21939-BB

LATOYLA YASHEEN COOPER-LEVY,
PHILLIP SYLVERIN, SHERMAN
RIVERS, and JOSEPH SIMMONS,

        Plaintiffs,

v.

CITY OF MIAMI,

        Defendant.
_____/

**PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE
TO PLAINTIFFS' MOTION TO STRIKE UNDISCLOSED
WITNESSES AND LATE-PRODUCED EVIDENCE**

Plaintiffs moved this Court to strike undisclosed witnesses and prohibit the use of late-produced evidence. (ECF 166, amended.) Defendant responded. (ECF 168). Plaintiffs now Reply.

**Undisclosed Witnesses**

In its recent pretrial disclosures, Defendant identified six witnesses (Willie Rachel, Michael Frasier, Milton Oats, Willie Beaills, Eugenio Munoz and Maurice Samuels) who it intends to or may call at the trial (ECF 131, at 2) who it failed to identify in either its Initial or Amended Disclosures. In response to Plaintiffs' motion to strike, Defendant argues that Plaintiffs had notice of five of these witnesses through a list in their answers to interrogatories and through testimony in other witness' depositions. (ECF 168, at 2-3.) Defendant essentially concedes that Plaintiffs did not have any notice of witness Maurice Samuels, as it did not

1

mention or make an argument for him. Plaintiffs' motion to strike Samuels is clearly warranted.

Willie Rachel is an outreach worker with the Department of Human Services (DHS) "who has provided assistance to homeless persons at all times material to the claims" (*id.* at 1) and will testify about "his interactions with homeless individuals as a 'Green Shirt,' [shorthand for homeless outreach specialist], the manner in which items left in public areas are addressed by the City and rebut Plaintiffs' claims that their constitutional rights were violated" (*id.* at 2). Defendant has not identified any unique knowledge that Rachel has that the two other Green Shirts (Jamille Jackson and Christian Candalier), who are already on the witness list and have been deposed, do not. Rachel does not have any special information that Defendant can only obtain from him, and not from either Jackson, Candalier, or the numerous other DHS witnesses on its list. The prejudice to Plaintiffs to defend the testimony of a new witness far outweighs Defendant's need for this witness' testimony. Mr. Rachel should not be permitted to testify.

The other four witnesses (Frasier, Oats, Beaills and Munoz) work for the Department of Solid Waste "and have participated in clean-up activities at all times material to the claims" *(id.)* and will testify "regarding their interactions and observations of homeless individuals, their involvement in various clean-up operations, including the one that occurred on August 2, 2021, and rebut Plaintiffs' claims that their constitutional rights were violated" (*id.*). Again,

2

Defendant has not identified any specific knowledge that these witnesses have that the other City witnesses who already are on the witness list (and have been deposed) do not. For example, the Director of the Department of Solid Waste (Wade Sanders) will be testifying, as well as at least four City witnesses from DHS and the police department who were at the August 2, 2021, cleanup (David Rosemond, Pedro Vera, Sergio Torres and Lazaro Trueba). Defendant does not identify any unique information that it can only obtain from the four new witnesses that other witnesses do not have. The prejudice to Plaintiffs to defend the testimony of these four new witnesses far outweighs Defendant's need for these witness' testimony. Frasier, Oats, Beaills and Munoz should not be permitted to testify.

## Late Disclosed Evidence

Defendant first disclosed that there were photographs and videos from DHS Homeless Assistance Project Director Sergio Torres' phone on its pretrial disclosures on December 18, 2023, and shared them with Plaintiffs for the first time on December 29, 2023. Defendant did not identify when it discovered these photos and videos and whether it could have provided them much earlier.

Defendant urges that this evidence is "crucial since they are the only evidence depicting the conditions during the August 2, 2021 cleanup." (*Id.* at 7.) Plaintiffs dispute this, but it is because they are photos and videos of the cleanup on that day that makes their introduction unfairly prejudicial. The August 2, 2021, cleanup is the incident where three of the Plaintiffs allege their property was

3

unconstitutionally seized. Plaintiffs had no notice or time to inquire about the photos and videos during discovery. Plaintiffs deposed Torres on December 13, 2022. Torres did not remember being at the August 2, 2021, cleanup, though his memory was refreshed by a question about whether he was at a cleanup where a cat was killed. (ECF 80-4, at 123:22-124:2, 127:6-11.) Had Plaintiffs had the photos and videos at that time, they could have asked more questions to refresh his memory and inquired about the context and content of the photos and videos. Plaintiffs have no way of knowing at this point what additional testimony Torres will now remember with the aid of the photos and videos. Due to this prejudice to Plaintiffs, the late-produced photos and videos should be excluded.

        Respectfully submitted,

        By: */s/ Jodi Siegel*
        Jeffrey M. Hearne, Esq.
        FL Bar No.: 512060
        Jocelyn Armand, Esq.
        FL Bar No.:  0044264
        Legal Services of Greater Miami, Inc.
        4343 W. Flagler St., Ste. 100
        Miami, FL 33134
        Phone: (305) 438-2403
        jhearne@legalservicesmiami.org
        jarmand@legalservicesmiami.org

        Stephen Schnably
        Pro Hac Vice Admission
        schnably@law.miami.edu
        Professor of Law
        University of Miami School of Law
        1311 Miller Drive, Law Lib. G472
        Coral Gables, FL 33146
        Tel: (305) 284-4817
        Cooperating Attorney, ACLU of Florida

Jodi Siegel, Fla. Bar No. 511617
Jodi.siegel@southernlegal.org
Chelsea Dunn, Fla. Bar No. 1013541
Chelsea.dunn@southernlegal.org
SOUTHERN LEGAL COUNSEL, INC.
1229 NW 12th Avenue
Gainesville, FL 32601
Tel: (352) 271-8890
Fax: (352) 271-8347

Benjamin Waxman, Fla. Bar No. 403237
bwaxman@royblack.com
Benjiwaxman@gmail.com
BLACK SREBNICK P.A.
201 S. Biscayne Blvd., Suite 1300
Miami, FL 33131
Tel: 305-371-6421
Fax: 305-358-2006
Cooperating Attorney, ACLU of Florida

Daniel Tilley, Fla. Bar No. 102882
dtilley@aclufl.org
ACLU FOUNDATION OF FLORIDA
4343 West Flagler St., Suite 400
Miami, FL 33134
Tel: (786) 363-2714