UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-CV-21939-BLOOM/Otazo-Reyes

LATOYLA YASHEEN COOPER-LEVY,
PHILLIP SYLVERIN, SHERMAN RIVERS,
*and* JOSEPH SIMMONS,

        *Plaintiffs,*

v.

CITY OF MIAMI,

        *Defendant.*
_____/

**DEFENDANT CITY OF MIAMI'S AMENDED RESPONSE IN OPPOSITION TO PLAINTIFFS' AMENDED MOTION TO STRIKE UNDISCLOSED WITNESSES AND PROHIBITING THE USE OF LATE-PRODUCED EVIDENCE**

    The Defendant City of Miami (the "City") files its Response in Opposition to Plaintiffs' Amended Motion to Strike Undisclosed Witnesses and Prohibiting the Use of Late-Produced Evidence (ECF 166),[1] and states the following in support thereof:[2]

**FACTUAL BACKGROUND**

    1. Plaintiffs allege that in May 2021 and on August 2, 2021, the City conducted a clean-up operation where their property was removed and discarded from the public street and sidewalk.

---

[1] On January 5, 2024, the City was ordered to respond to the Plaintiffs' Motion to Strike Undisclosed Witnesses and Prohibiting the Use of Late-Produced Evidence. (ECF 164 and 165). On January 7, 2024, Plaintiffs filed their Amended Motion to Strike Undisclosed Witnesses and Prohibiting the Use of Late-Produced Evidence. (ECF 166). This Response pertains to the Amended Motion.

[2] Page 5 of the City's Response in Opposition to Plaintiffs' Amended Motion to Strike Undisclosed Witnesses and Prohibiting the Use of Late-Produced Evidence (ECF 168) incorrectly cited to *Brown v. Napolitano*, 380 Fed. Appx. 832 (11th Cir. 2010). This amended response is filed solely to add the correct citation to *Brown v. Chertoff*, 2009 WL 50163, **4-5 (S.D. Ga. 2009). The parenthetical remains the same.

1

2. Willie Rachel is an outreach worker with the City's Department of Human Services who has provided assistance to homeless persons at all times material to the claims alleged in this lawsuit.

3. Michael Frasier, Milton Oats, Willie Beaills, and Eugenio Munoz work for the City's Solid Waste Department and have participated in clean-up activities at all times material to the claims alleged in this lawsuit.

4. It is anticipated that Willie Rachel will testify, among other things, about his interactions with homeless individuals as a "Green Shirt," the manner in which items left in public areas are addressed by the City, and rebut Plaintiffs' claims that their constitutional rights were violated.

5. It is anticipated that Michael Frasier, Milton Oats, Willie Beaills, and Eugenio Munoz will testify, among other things, regarding their interactions and observations of homeless individuals, their involvement in various clean-up operations, including the one that occurred on August 2, 2021, and rebut Plaintiffs' claims that their constitutional rights were violated.

6. On August 30, 2022 and July 27, 2023, the City served its Initial Disclosures and Amended Initial Disclosures, respectively, on Plaintiffs. (ECF 166, pp. 8-16).

7. As conceded by Plaintiffs, Willie Rachel, Michael Frasier, Milton Oats, Willie Beaills, and Eugenio Munoz were also identified in the City's interrogatory response which were served upon Plaintiffs on or about December 14, 2022. (ECF 166, ¶ 6).

8. Plaintiffs were provided the identity and background information about those individuals during the course of the following depositions:[3]

---

[3] Plaintiffs' seek to minimize their awareness of the subject witnesses just to the deposition of Wade Sanders. (ECF 166, p. 3). Clearly, these individuals were referenced during multiple depositions taken by Plaintiffs.

      a. Jamile Jackson – ECF 74-6, 19:24-20:10

      b. Darren Morrison – ECF 74-8, 15:7-16

      c. Wade Sanders – ECF 74-12, 52:13-55:9, 56:24-57:14

      d. Officer Odell Wiggins – ECF 74-18, 29:4-15, 34:19-24.

9. Nevertheless, Plaintiffs made an intentional, strategic decision not to depose Willie Rachel, Michael Frasier, Milton Oats, Willie Beaills, and Eugenio Munoz. There were certain police officers who were equally not listed on the initial disclosures, but notwithstanding said lack of disclosure, the Plaintiffs nonetheless deposed those officers. The Plaintiffs' own strategy choice about whom to depose and whom not to, especially in light of those individuals being listed in interrogatory answers as having discoverable knowledge, is not attributable to Defendants.

10. As of the date of this Response, Plaintiffs still have not requested to depose those individuals.

11. Instead, Plaintiffs seek the extreme sanction of striking City witnesses who have personal knowledge of interactions with homeless persons and items left in public areas, as well as the clean-up operations at issue in this lawsuit.

12. Therefore, as explained in further detail below, Plaintiffs' motion should be denied because they were aware of the witnesses they seek to strike since at least December 14, 2022, but failed to engage in discovery they now complain being deprived of.

13. Next, on August 2, 2021, Sergio Torres (a witness deposed by Plaintiffs) attended a cleanup operation which is the subject of the Plaintiffs' complaint.

14. On that date, Torres took photographs and videos with his cellphone to document the conditions of the area being cleaned up.  The videos also depict multiple posted yellow notices which directly refutes Plaintiffs' claims about a lack of notice:



15. During the course of discovery, the City provided responsive documents, photographs, and videos obtained from its e-mail server.

16. That search, inadvertently did not capture photographs and videos from Sergio Torres' cell phone.

17. The photographs and videos were subsequently identified in the City's Pretrial Disclosures on December 18, 2023.  (ECF 131).

18. The photographs and videos were produced to Plaintiffs on December 29, 2023.

19. Plaintiffs' motion to exclude the photographs and videos should be denied because they are the only such evidence <u>specifically</u> depicting the August 2, 2021 cleanup activities.

20. Moreover, the City is unable to properly prepare its case and refute Plaintiffs' claims, and would be substantially and irreparably prejudiced if the subject witnesses, photographs, and videos are stricken.

**MEMORANDUM OF LAW**

I. **THE CITY TIMELY DISCLOSED WILLIE RACHEL, MICHAEL FRASIER, MILTON OATS, WILLIE BEAILLS AND EUGENIO MUNOZ AS WITNESSES.**

Federal Rule of Civil Procedure 26(a)(3) requires that witnesses be disclosed at least 30 days before trial. Pursuant to Federal Rule of Civil Procedure 37(c), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) … the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. A failure to timely make the required disclosure is harmless when there is no prejudice to the party entitled to receive the disclosure. *See Home Design Servs. Inc. v. Hibiscus Homes of Fla., Inc.*, 2005 WL 2465020 (M.D. Fla. 2005).

Plaintiffs erroneously assert that they were not aware of Willie Rachel, Michael Frasier, Milton Oats, Willie Beaills, and Eugenio Munoz until the City filed its pretrial disclosures on December 18, 2023. (ECF 166, pp. 1-2, 5). Plaintiffs further argue that "[i]f the City had notified Plaintiffs it intended to call these four individuals, Plaintiffs would have deposed them and would have been able to learn the witnesses' testimony about cleanup operations and the City's customs and practices. Plaintiffs also could have queried other City witnesses at deposition about these undisclosed witnesses." *Id.* at p. 5.

Plaintiffs' argument should be rejected. First, as acknowledged in Plaintiffs' motion, those witnesses were disclosed to Plaintiffs in the City's response to interrogatories. *Id.* at p. 3. Courts in this Circuit have routinely held that a party's alleged failure to disclose a witness is "harmless" for purposes of Rule 37(c)(1) where, as here, the opposing party knew of the undisclosed witness. *See Brown v. Chertoff*, 2009 WL 50163, **4-5 (S.D. Ga. 2009) (denying motion *in limine* where the plaintiff "was aware of the identities of [non-disclosed witnesses] during discovery and could

have sought to depose them had he chose to do so"); *Wajcman v. Inv. Corp. of Palm Beach*, 2009 WL 465071, *5 (S.D. Fla. 2009) (denying motion *in limine* where party was well aware of non-disclosed witness' existence and significance); *Wolf v. Sec'y, Dep't of Corr.*, 2012 WL 6740732, *1 (M.D. Fla. 2012) ("The Court agrees that the identity of [non-disclosed witness] was made known to Plaintiff during the discovery process, and thus, his testimony will be permitted. [Non-disclosed witness] was identified ... during the deposition of Defendant's medical expert.").

That same reasoning should apply in this case because Plaintiffs have known about Willie Rachel, Michael Frasier, Milton Oats, Willie Beaills, and Eugenio Munoz since at least December 14, 2022. Moreover, even if the City did not formally amend its initial disclosure, Plaintiffs knew of those witnesses relevance when they received the City's interrogatory response and when they deposed Jamile Jackson, Wade Sanders, Darren Morrison, and Officer Odell Wiggins. Thus, Plaintiffs cannot establish that they suffered any prejudice. *See Berryman-Dages v. City of Gainesville Fla.*, 2012 WL 1130074, *2 (N.D. Fla. 2012) ("Prejudice generally occurs when late disclosure deprives the opposing party of a meaningful opportunity to perform discovery and depositions related to the documents or witnesses in question.").

Second, Plaintiffs' assertion that they were deprived of an opportunity to "quer[y] other City witnesses at deposition about these undisclosed witnesses" is wrong. Plaintiffs had ample opportunity to question at least Jamile Jackson, Wade Sanders, Darren Morrison, and Officer Odell Wiggins about the witnesses but chose not to. This further demonstrates the disingenuousness of Plaintiffs' position since the City's alleged failure to amend its initial disclosures did not prejudice Plaintiffs' ability to engage in discovery. Rather, Plaintiffs' failure to depose Willie Rachel, Michael Frasier, Milton Oats, Willie Beaills, and Eugenio Munoz was the result of Plaintiffs' own

6

strategy decision. Hence, had Plaintiffs exercised reasonable diligence, it could have used available discovery devices to prepare for trial. To date, Plaintiffs have not done so.

Accordingly, because the City's alleged failure to amend its initial disclosure is harmless and did not prejudice Plaintiffs, Plaintiffs' motion to strike trial witnesses should be denied.

## II. EXCLUSION OF THE ONLY EVIDENCE DEPICTING THE CONDITIONS OF THE AUGUST 2, 2021 CLEANUP IS NOT WARRANTED.

Plaintiffs' motion seeking to exclude photographs and videos depicting the conditions of the August 2, 2021 cleanup, as well as the presence of prominently posted notices should be rejected since they directly refute Plaintiffs' unreasonable seizure and due process claims.

In deciding whether to exclude untimely-disclosed evidence, courts consider the following factors: (1) the surprise to the opposing party; (2) the opposing party's ability to cure the surprise; (3) the likelihood and extent of disruption to the trial; (4) the importance of the evidence; and (5) the offering party's explanation for its failure to timely disclose the evidence. *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC*, 845 F. Supp. 2d 1241, 1250-1251 (M.D. Fla. 2012). A harmless failure to disclose exists "when there is no prejudice to the party entitled to receive the disclosure." *Hewitt v. Liberty Mut. Grp., Inc.*, 268 F.R.D. 681, 683 (M.D. Fla. 2010).

Here, there is no surprise to Plaintiffs since the photographs and videos were produced on December 29, 2023 and depict a subject matter which they should already be familiar with. The photographs and videos are crucial since they are the only evidence depicting the conditions during the August 2, 2021 cleanup. The August 2, 2021 clean up is the only clean up that the Plaintiffs have identified by a specific sum certain date. Moreover, underlying Plaintiffs' constitutional claims is that the City did not provide notice prior to the cleanup. The photographs and videos clearly show that claim is without merit. If Plaintiffs' procedural due process claim is not stricken

7

due to their false allegations of lack of notice, basic principles of fairness and justice require that the jury be allowed to consider the photographs and videos while assessing Plaintiffs' credibility.

Next, the photographs and videos were not produced prior to December 29, 2023 due to an oversight in the manner in which the City collected responsive documents. There is nothing in the record suggesting that the City acted in bad faith in not producing the photographs and videos earlier. Finally, Plaintiffs do not identify which witnesses they would depose about the photographs and videos or what such deposition would accomplish. Indeed, the photographs and videos speak for themselves. Furthermore, Plaintiffs have not requested to take any depositions in order to cure any alleged prejudice which should be deemed a waiver of their position. There will be no disruption of the trial since Plaintiffs have not sought additional depositions.

Thus, to exclude the photographs and videos, which are crucial to the City's defense and rebutting Plaintiffs' claims, "is an extreme sanction which is not normally imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence." *Graphic Packaging Intern., Inc. v. C.W. Zumbiel Co.*, 2011 WL 5357833, *2 (M.D. Fla. 2011) (citation omitted).

## CONCLUSION

This case does not present the sort of compelling circumstances that would require the severe and drastic remedy of exclusion of witnesses or evidence. Prohibiting the City from presenting testimony and evidence which bears directly on the Plaintiffs' claims would only serve to deprive the City of a critical portion of its case and would unfairly tilt the balance in favor of Plaintiffs. It would also allow Plaintiffs free reign to present false and misleading evidence to the jury while denying the City an opportunity to challenge it. Therefore, Plaintiffs' motion should be denied.

WHEREFORE, Defendant, CITY OF MIAMI, respectfully requests that this Court deny Plaintiffs' Motion to Strike Undisclosed Witnesses and Prohibiting the Use of Late-Produced Evidence, and to grant such other relief as this Court deems just and proper.

Respectfully submitted,

**LYDECKER LLP**
*Counsel for Defendant City of Miami*
1221 Brickell Avenue, 19th Floor
Miami, Florida 33131
Telephone No.: (305) 416-3180
Facsimile No.: (305) 416-3190

By: /s/Forrest Andrews
STEPHEN H. JOHNSON, ESQ.
Florida Bar No. 12362
shj@lydecker.com
FORREST L. ANDREWS, ESQ.
Florida Bar No.: 17782
fla@lydecker.com
DEBBIE G. MAKEN, ESQ.
Florida Bar No. 1017427
dgm@lydecker.com
ASHLEY MORRISON, ESQ.
Florida Bar No. 112448
amorrison@lydecker.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 15, 2024, a true and correct copy of the foregoing has been furnished electronically via a CM/ECF generated service e-mail on all parties registered to receive service in that manner and the following listed on the Service List below.

BY: /s/Forrest Andrews
FORREST ANDREWS, ESQ.
Florida Bar No. 17782

**Service List**

**Benjamin Samuel Waxman**
Benjamin Waxman LLC
77 Harbor Drive, #8
Miami, FL 33149
Telephone: 305-985-5000
Email: *benji@benjaminwaxmanlaw.com*

**Chelsea Lee Dunn**
**Jodi Lynn Siegel**
Southern Legal Counsel, Inc.
1229 NW 12th Avenue
Gainesville, FL 32601
Telephone: 352-271-8890
Fax: 271-8347
Email: *chelsea.dunn@southernlegal.org*
          *jodi.siegel@southernlegal.org*

**Daniel Boaz Tilley**
ACLU Foundation of Florida, Inc.
4343 West Flagler Street, Suite 400
Miami, FL 33134
Telephone: 786-363-2714
Fax: 786-363-1257
Email: *dtilley@aclufl.org*

**Jocelyn Lourdes Jauregui**
Legal Services of Greater Miami
10720 Caribbean Boulevard, Suite 400
Miami, FL 33189
Email: *JJauregui@lsgmi.org*

**Stephen J. Schnably**
University of Miami School of Law
Professor of Law
1311 Miller Drive
Coral Gables, FL 33146
Telephone: 305-284-4817
Email: *schnably@law.miami.edu*

**Jeffrey Martin Hearne**

Legal Services of Greater Miami
4343 W. Flagler St., Suite 100
Miami, FL 33134
Telephone: 305-438-2403
Fax: 305-438-2403
Email: *jhearne@legalservicesmiami.org*

*Counsels for Plaintiff, Latoyla Yasheen Cooper-Levy,
Phillip Sylverin, Sherman Rivers, and Joseph Simmons*